UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GREG STEVENS** | **CIVIL ACTION NO. 19-0826** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SIXTH JUDICIAL DISTRICT, DISTRICT ATTORNEY'S OFFICE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on May 14, 2019, under 42 U.S.C. § 1983. He names the following defendants: Sixth Judicial District, District Attorney's Office, District Attorney James David Caldwell, Assistant District Attorney James Trey Phillips, Judge John Crigler, the State of Louisiana, and Attorney Joy Jackson.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that, on November 23, 1998, his attorney filed a motion for a speedy trial before the Sixth Judicial District Court, Madison Parish. [doc. # 1, p. 3]. Plaintiff claims that his "constitutional right to a speedy trial was violated on March 23, 1999." *Id.*  At a hearing on April 15, 1999, the State argued that Plaintiff was responsible for setting the case for trial. *Id.* The trial judge agreed. *Id.*

On November 19, 1999, the Supreme Court of Louisiana vacated the trial judge's ruling and remanded the case "for purposes of relieving [Plaintiff] of his bail obligation on the pending

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

charges of second degree kidnapping, La. R.S. 14:44.1, and attempted second degree murder, in violation of La. R.S. 14:27, 14:30.1." *State v. Stevens*, 99-1614 (La. 11/19/99), 747 So. 2d 516, 517. Plaintiff maintains, however, that "the relief granted was never imposed." *Id.*

Plaintiff claims that, because defendants violated his right to a speedy trial, his guilty plea and sentence are invalid or illegal. *Id.* at 4. The undersigned observes, however, that the Supreme Court of Louisiana cited LA. CODE CRIM. PROC. art. 701(D), which provides that failure to commence trial by the applicable deadline "shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown."

Plaintiff faults Assistant District Attorney James Trey Phillips for the speedy trial violation and for accepting Plaintiff's guilty plea even though he knew the charges against Plaintiff "no longer existed because of the speedy trial time limit . . . ." [doc. # 9, p. 2]. He faults District Attorney Caldwell because Caldwell "has direct supervision of the Assistant District Attorneys employed by his office." *Id.* Plaintiff faults the State of Louisiana, alleging that the "District Attorney and Assistant District Attorney [] prosecute on behalf . . . of the State of Louisiana." *Id.* Plaintiff faults Judge Crigler for accepting the guilty plea even though he knew it was invalid and for imposing a subsequent illegal sentence. *Id.* Finally, Plaintiff faults his former appointed counsel, Joy Jackson, because Jackson "did nothing to stop this injustice, even though she knew what the prosecution and the court were doing, i.e. accepting a guilty plea to charges that were invalid." *Id.*

Plaintiff seeks $7,500,000.00 for his mental anguish and emotional distress. [doc. # 1, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

4

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Appointed Counsel**

Plaintiff seeks relief from his former appointed counsel, Joy Jackson, alleging that Jackson "did nothing to stop this injustice, even though she knew what the prosecution and the court were doing, i.e. accepting a guilty plea to charges that were invalid." [doc. # 9, p. 2].

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Fair attribution" means: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Of import, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Defendant Jackson did not act under color of state law: deciding which motions or objections (if any) to file or lodge is, manifestly, a traditional function of counsel. See *Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his

5

counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[3]  The Court should dismiss this claim.[4]

### 3. Prosecutorial Immunity

Plaintiff faults Assistant District Attorney James Trey Phillips for violating his right to a speedy trial and for accepting his guilty plea even though he knew the charges against Plaintiff "no longer existed because of the speedy trial time limit . . . ."  [doc. # 9, p. 2].  Plaintiff faults District Attorney Caldwell because Caldwell "has direct supervision of the Assistant District Attorneys employed by his office."  *Id.*

---

[3] See also *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

[4] Assuming, for the sake of argument, that Jackson acted under color of state law, the undersigned would recommend dismissing Plaintiff's claim under *Heck v. Humphrey* and *Wallace v. Kato*. See *Williams v. Eastland*, 54 F. App'x 795 (5th Cir. 2002) ("Because Williams' claims are based on his attorney's alleged ineffective assistance, they are barred by *Heck* because he has not shown that his conviction has been reversed, expunged, invalidated, or otherwise called into question."); *Wallace v. Kato*, 549 U.S. 384 (2007).

6

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Defendants Phillips and Caldwell are entitled to absolute prosecutorial immunity with respect to Plaintiff's speedy-trial claim. See *Hunter v. James*, 717 F. App'x 500, 501 (5th Cir. 2018) ("Watkins is absolutely immune from § 1983 immunity with respect to Hunter's speedy trial claim."); *Green v. New Orleans Police Dep't*, 2013 WL 5739076, at *4 (E.D. La. Oct. 22, 2013) (finding, where the plaintiff alleged that a district attorney failed, under LA. CODE CRIM. PROC. ANN. art. 701, to prosecute him in a timely manner, that the district attorney was immune).

Defendants Phillips and Caldwell are likewise immune with respect to Plaintiff's claim that they accepted his guilty plea even though they knew the charges against him "no longer

7

existed because of the speedy trial time limit . . . ."  See *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976) (holding, where the plaintiff alleged that a deputy district attorney "prosecuted him with knowledge of a lie detector test that had 'cleared' [him]," that the district attorney's "activities were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force."); *Taylor v. Kavanagh,* 640 F.2d 450, 453 (2d Cir. 1981) (a prosecutor's activities in plea bargaining are an essential component of the criminal justice system and merit the protection of absolute immunity) (cited with approval by *Tubwell v. Dunn*, 12 F.3d 1097 (5th Cir. 1993)).[5]

Under Plaintiff's allegations, Phillips and Caldwell acted only in the course of their roles as advocates for the State.  Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.

**4. Sixth Judicial District, District Attorney's Office**

Plaintiff seeks relief from the District Attorney's Office.  This entity, however, is not a "person" capable of being sued under Section 1983.  Louisiana law does not permit a district attorney's office to be sued in its own name.  Rather, the current[6] district attorney, in his or her official capacity, is the proper party.  *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999); *Delta Fuel Co., Inc. v. Maxwell*, 2011 WL 5159703, aff'd, 485 Fed. Appx. 685, 686 (5th Cir. 2012).  Accordingly, the Court should dismiss Plaintiff's claim against the District

---

[5] See also *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (finding, where the plaintiff alleged that prosecutors threatened him with further prosecution, that the prosecutors were immune); *Conner v. Pickett*, 552 F.2d 585, 586 (5th Cir. 1977) (finding a prosecutor immune where the plaintiff alleged that the prosecutor violated his rights in connection with sentencing).

[6] *Thompson v. Connick*, 553 F.3d 836, 869, n.27 (5th Cir. 2008) (noting that a plaintiff should name the *current* district attorney), on reh'g en banc, 578 F.3d 293 (5th Cir. 2009), rev'd on other grounds, 563 U.S. 51 (2011).

Attorney's Office for failure to state a claim upon which relief can be granted.[7]

### 5. State of Louisiana

Plaintiff names the State of Louisiana as a Defendant. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[8] Accordingly, the Court should dismiss Plaintiff's claim against the State of Louisiana

### 6. Judicial Immunity

Plaintiff faults Judge John Crigler for accepting his guilty plea, "knowing it was invalid," and for imposing an illegal sentence. [doc. # 9, p. 2].

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction."

---

[7] Even assuming Plaintiff sought relief from the current district attorney in his official capacity, Plaintiff would not state a plausible claim. "For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999). In that respect, "municipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Id.* quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (internal citation omitted). Here, Plaintiff's claim against the District Attorney's Office appears entirely premised on vicarious liability. Moreover, Plaintiff does not allege that the presence (or absence) of a policy, pattern, practice, custom, or procedure violated, or caused a violation of, his constitutional rights.

[8] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

9

*Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, accepting guilty pleas and sentencing defendants are, manifestly, judicial functions. See *Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) ("[I]mposing the suspended sentence and then revoking the suspension were within his judicial functions and within the scope of his jurisdiction."); *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing with approval an out-of-circuit case recognizing that judges are "immune for actions of arraigning, convicting and sentencing[.]"); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir. 1989); *Sleeman v. Brazoria Cty.*, 78 F.3d 582 (5th Cir. 1996).[9]

---

[9] See also *Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

10

Considering the aforementioned factors, accepting guilty pleas and sentencing defendants are undoubtedly "normal" judicial functions. Moreover, Plaintiff does not allege that Judge Crigler acted outside of the courtroom or chambers. Likewise, Plaintiff's claim clearly "centers around" a prior proceeding before Judge Crigler, and nothing indicates that the alleged acts arose outside of a visit to Judge Crigler in his official capacity.[10]

Finally, Plaintiff does not allege that Judge Crigler acted in the absence of all jurisdiction. See LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judge Crigler is entitled to absolute judicial immunity, and the Court should dismiss the claim against him.[11]

---

[10] See *Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors).

[11] Plaintiff suggests that Judge Crigler failed to dismiss the charges against him, appearing to fault Judge Crigler for allegedly disregarding—whether negligently or intentionally—the Supreme Court of Louisiana's order to relieve Plaintiff of his bail obligation. See *Stevens*, 747, So. 2d at 516. In this respect, Plaintiff fails to state a plausible claim because the Supreme Court of Louisiana ordered the trial court to relieve Plaintiff of his bail obligation. *Id.* It did not order the trial court to dismiss Plaintiff's charges.

Even assuming Plaintiff faults Judge Crigler for disregarding the Supreme Court of Louisiana's order and failing to relive Plaintiff of his bail obligation, Judge Crigler remains immune. Under Plaintiff's allegations, Judge Crigler acted in the context of convicting and sentencing Plaintiff (as above, two judicial functions), and he did not act in the complete absence of all jurisdiction. See *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) ("Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. If Judge Lambert merely acted in excess of [her] authority, she is still protected by judicial immunity.") (internal quotation marks and quoted source omitted); *Malina*, 994 F.2d at 1125 ("Judge Gonzales' illegitimate prior acts of arrest and summons are ill-received by this Court, but they did not completely deprive him of subject-matter jurisdiction.").

11

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Greg Stevens' claims against the Sixth Judicial District, District Attorney's Office, the State of Louisiana, and Attorney Joy Jackson be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against District Attorney James David Caldwell, Assistant District Attorney James Trey Phillips, and Judge John Crigler be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief against defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the period authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 16th day of August, 2019.

_____
Karen L. Hayes, U.S. Magistrate Judge